**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| _____ ) | |
| S. K. VARMA,                                                  ) | |
|                                                                       ) | |
|                                  Plaintiff,             ) | |
|                                                                       ) | |
|         v.                                                          )          Civil Action No. 04-1825 (RBW) | |
|                                                                       ) | |
| CARLOS GUTIERREZ, Secretary,                ) | |
| Department of Commerce,                           ) | |
|                                                                       ) | |
|                                  Defendant.          ) | |
|                                                                       ) | |
| _____ ) | |

**MEMORANDUM OPINION**

The pro se plaintiff, S. K. Varma, brings this action against Carlos M. Gutierrez ("the

defendant") in his official capacity as the Secretary of the United States Department of

Commerce ("DOC"), alleging numerous violations of the Age Discrimination in Employment

Act of 1967 ("ADEA"), 29 U.S.C. §§ 621 et seq. (2000), the Equal Pay Act, 29 U.S.C. §§ 791 et

seq. (2000), and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. (2000),

during the plaintiff's employment as a patent examiner with the United States Patent and

Trademark Office ("USPTO").  Currently before the Court is the defendant's motion to (1)

substitute Jonathan Dudas, the Director of the USPTO, as the named defendant and (2) dismiss

or transfer the complaint on improper venue grounds under Federal Rule of Civil Procedure

12(b)(3).[1]  For the reasons stated below, the Court concludes that the defendant has been

---

[1]        The following papers have been submitted in connection with this motion: (1) Memorandum of
Points and Authorities in Support of Defendant's Motion to Substitute the Director of the United States Patent and

(continued...)

improperly named and that the District of Columbia is not the appropriate venue for the litigation

of this action.  The Court therefore substitutes Jonathan Dudas as the named defendant and

transfers this matter to the Eastern District of Virginia.

## I. Background

The plaintiff is a patent examiner formerly employed by the USPTO.  Amended

Complaint ("Am. Compl.") ¶ 15.  Throughout her tenure, the plaintiff was assigned to the

USPTO's principal office, located at the time in Arlington, Virginia.[2]  Def.'s Mem., Exhibit

("Ex.") 1, Declaration of J. David Richardson ("Richardson Decl.") ¶ 2.[3]  The plaintiff alleges

that she was subjected to an array of discriminatory, retaliatory, and harassing behavior over the

course of her employment at the USPTO, beginning in September 1999 and culminating in her

termination on October 16, 2002.  Am. Compl. ¶¶ 16-40.  Following her termination, the plaintiff

filed a mixed-case complaint with the Merit Systems Protection Board ("MSPB").  Id. ¶ 42.  She

then appealed the unfavorable MSPB decision to the Equal Employment Opportunity

Commission ("EEOC").  Am. Compl., Ex. A (letter from the plaintiff to the EEOC dated August

4, 2004).  On September 23, 2004, the EEOC affirmed the decision of the MSPB that "the

[USPTO's] actions [with regard to the plaintiff] were justified."  Am. Compl., Ex. C (EEOC

decision) at 1.  Approximately one month later, on October 21, 2004, the plaintiff filed this

---

[1](...continued)
Trademark Office as the Sole Defendant and To Dismiss for Change of Venue ("Def.'s Mem."); (2) Motion to Deny
Defendant's Motion to Substitute the Director of the United States Patent and Trademark Office as the Sole
Defendant and Motion to Dismiss or Transfer for Improper Venue ("Pl.'s Opp."); and (3) Reply Brief in Support of
Defendant's Motion to Substitute the Director of the United States Patent and Trademark Office as the Sole
Defendant and Motion to Dismiss or Transfer for Improper Venue ("Def.'s Reply").

[2]        In 2004, the principal office of the USPTO relocated from Arlington to Alexandria, Virginia.
Def.'s Mem, Exhibit ("Ex.") 1, Declaration of J. David Richardson ("Richardson Decl.") ¶ 2.

[3]        J. David Richardson is the Deputy Director of the USPTO Office of Human Resources.  Id. ¶ 1.

action seeking compensatory and punitive damages as well as declaratory and injunctive relief. Am. Compl. at 35.

The plaintiff's original complaint named Jonathan Dudas, Director of the USPTO, as the defendant. Complaint ("Compl.") ¶ 6. On February 17, 2005, the plaintiff amended her complaint, substituting the DOC Secretary, Carlos Gutierrez, as the named defendant.[4] Am. Compl. ¶ 9. The plaintiff stated that Secretary Gutierrez "is the head of the DOC, and as such is responsible for personnel action, omissions, and practices within the U.S. Patent and Trademark Office, DOC." Id. In both her original and amended complaints, the plaintiff stated that "[v]enue is properly before this Court because the Defendant is located in Washington, D.C." Compl. ¶ 4; Am. Compl. ¶ 7.

On August 23, 2005, the defendant filed its motion to substitute named defendants and to dismiss or transfer this action on improper venue grounds. The defendant asserts that the USPTO exercises "independent control over personnel decisions and processes as well as administrative and management functions." Def.'s Mem. at 3. It consequently contends that Mr. Dudas, as the head of the USPTO, is the appropriate defendant in this case. Id. at 4-5. In response, the plaintiff reiterates that Secretary Gutierrez is the proper defendant because he "has the oversight of the Patent and Trademark Office." Pl.'s Opp. ¶ 6. The defendant also argues

---

[4]       The caption of the plaintiff's amended complaint names Secretary Gutierrez as the sole defendant, Am. Compl. at 1, and the plaintiff's opposition to the defendant's motion avers that "[a]s amended by the Plaintiff, the right Defendant is Carlos M. Gutierrez," Pl.'s Opp. ¶ 6. However, the plaintiff's amended complaint states that Mr. Dudas, various "USPTO management and supervisory employees," and a number of "officers and delegates of . . . the Patent Office Professional Association (POPA)" are also named as defendants. Am. Compl. ¶ 10. It is unclear to the Court whether the "USPTO management and supervisory employees" and POPA officers and delegates listed by the plaintiff are properly named as defendants or, if so, whether they have been properly served with the complaint pursuant to Federal Rule of Civil Procedure 4(m). The parties have not addressed these issues and, because the Court concludes that this District is not the proper venue for the litigation of this action, it need not decide them.

that venue is improper in the District of Columbia because (1) the acts complained of by the

plaintiff occurred in Virginia; (2) the principal office of the USPTO is located in Virginia; and

(3) the plaintiff's employment records are maintained in Virginia.  Def.'s Mem. at 6-8.  The

plaintiff does not directly address the defendant's arguments regarding venue, except to ask that

the defendant's motion to transfer or dismiss be denied.  See generally Pl.'s Opp. ¶¶ 1-14.

## II. Standard of Review

In considering a motion to dismiss for lack of proper venue under Rule 12(b)(3), "the

Court accepts the plaintiff['s] well-pled factual allegations regarding venue as true, draws all

reasonable inferences from those allegations in the plaintiff['s] favor, and resolves any factual

conflicts in the plaintiff['s] favor."  Quarles v. Gen. Inv. & Dev. Co., 260 F. Supp. 2d 1, 8

(D.D.C. 2003) (internal quotation marks and citation omitted); see also 2215 Fifth St. Assocs. v.

U-Haul Intern., Inc., 148 F. Supp. 2d 50, 54 (D.D.C. 2001) (stating that courts will grant a

12(b)(3) motion if "facts [are] presented that . . . defeat [the] plaintiff's assertion of venue")

(citation omitted).  "Because it is the plaintiff's obligation to institute the action in a permissible

forum, the plaintiff usually bears the burden of establishing that venue is proper."  Freeman v.

Fallin, 254 F. Supp. 2d 52, 56 (D.D.C. 2003) (citations omitted).  However, if the plaintiff is

proceeding pro se, the factual allegations contained in her complaint should be held "to less

stringent standards than formal pleadings drafted by lawyers."  Sparrow v. United Air Lines, Inc.,

216 F.3d 1111, 1113 n.2 (D.C. Cir. 2000) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972))

(quotation marks omitted).

## III. Analysis

### A. Substitution of the Defendant

The plaintiff states in her amended complaint that Secretary Gutierrez is properly named as the defendant because he "is responsible for personnel action, omissions, and practices within the U.S. Patent and Trademark Office." Am. Compl. ¶ 9.  The defendant argues, on the other hand, that Jonathan Dudas, as the Director of the USPTO, is the "official agency head" for the purposes of the plaintiff's lawsuit and should thus be substituted as the named defendant.  Def.'s Mem. at 4.  The Court agrees with the defendant.

Neither party disputes that civil actions filed following the disposition of an EEOC complaint must name "the head of the [allegedly discriminating] department, agency, or unit . . . [as] the defendant."  42 U.S.C. § 2000(e)-16(c) (2000).  The USPTO is "an agency of the United States[] within the Department of Commerce," and, among other autonomous responsibilities, it "exercise[s] independent control of its . . . personnel decisions and processes." 35 U.S.C. § 1(a) (2000).  Thus, while the USPTO is a part of the DOC, it cannot be said, as the plaintiff claims, that Secretary Gutierrez "is responsible for personnel action, omissions, and practices within the U.S. Patent and Trademark Office."  Am. Compl. ¶ 9.  Rather, the Director of the USPTO, Jonathan Dudas, as the head official of the USPTO – the alleged discriminating agency – is the proper defendant in this case.

The Court's conclusion is supported by Munson v. Evans, No. 02-195 (JDB) (D.D.C. Nov. 26, 2002), which also held that the Director of the USPTO is the head of the agency for the purposes of employment discrimination lawsuits.  The District of Columbia Circuit affirmed the District Court in Munson twice, stating in its second decision that "[t]he Director of the

[USPTO] is the head of the alleged discriminating agency in [the] petitioner's complaint, and is therefore the appropriate defendant." In re: Gene M. Munson, No. 03-5034, 2003 WL 21396874, at *1 (D.C. Cir. June 12, 2003). Accordingly, the Court grants the defendant's motion to substitute the Director of the USPTO as the named defendant.

**B. Venue**

The defendant also argues that the District of Columbia is the improper venue for this action, because (1) the acts complained of by the plaintiff occurred in Virginia; (2) the principal office of the USPTO is located in Virginia; and (3) the plaintiff's employment records are maintained in Virginia. Def.'s Mem. at 6-8. The Court agrees.

It is clear that the District of Columbia is not the appropriate venue for the plaintiff's Title VII claim. Under the relevant provision of Title VII, venue is proper

> [1] in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, [2] in the judicial district in which the employment records relevant to such practice are maintained and administered, or [3] in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought [4] within the judicial district in which the respondent has his principal office.

42 U.S.C. § 2000e-5(f)(3) (2000). Venue is improper in the District of Columbia under each of these criteria. First, the unlawful employment practice is alleged to have been committed entirely within the Commonwealth of Virginia. Richardson Decl. ¶¶ 2-3 (stating that the plaintiff worked in Virginia and that "the personnel office, where the USPTO makes hiring, removal, and other personnel decisions" is located in Virginia); see generally Am. Compl. Second, the plaintiff's personnel records are maintained in St. Louis, Missouri, and all relevant employment litigation records are maintained in Virginia. Richardson Decl. ¶¶ 4, 5. Third, the plaintiff makes no

allegation that she would have worked in the District of Columbia but for the alleged unlawful

employment practices.  See generally Am. Compl.  Finally, resort to the final provision of 42

U.S.C. § 2000e-5(f)(3) is unnecessary, as the Director of the USPTO can be found in the Eastern

District of Virginia, where this action could have been filed.  See Richardson Decl. ¶ 6 (stating

that the principal place of business of the Director of the USPTO is in Alexandria, Virginia).

It is also clear that the plaintiff cannot establish venue in the District of Columbia for her

ADEA and Equal Pay Act claims.  These statutes are governed by the general venue provision of

28 U.S.C. § 1391(e) (2000), which states that civil actions against federal agencies may "be

brought in any judicial district in which (1) a defendant in the action resides, (2) a substantial part

of the events or omissions giving rise to the claim occurred, . . . or (3) the plaintiff resides. . . ."

28 U.S.C. § 1391(e).  The USPTO is "deemed, for the purposes of venue in civil actions, to be a

resident of the district in which its principal office is located."  35 U.S.C. § 1(b).  As already

noted, the USPTO's principal office is in Alexandria, Virginia.  Richardson Decl. ¶ 2; see also In

re: Gene M. Munson, No. 03-5034, 2003 WL 21396874, at *1 (D.C. Cir. June 12, 2003)

(applying § 1391(e) and holding that "[b]ecause the [USPTO's] principal office is located in the

Eastern District of Virginia, the [USPTO's] residence is deemed to be in the Eastern District of

Virginia").  Additionally, it cannot be said that "a substantial part of the events . . . giving rise to

the claim" took place in the District of Columbia.  28 U.S.C. § 1391(b)(2).  All of the events

recounted in the plaintiff's amended complaint occurred in the Commonwealth of Virginia.  See

generally Am. Compl.  And, according to mailing address provided at the end of the amended

complaint, the plaintiff herself resides in Bethesda, Maryland.[5]  Am. Compl. at 36.  Thus, under

none of the designated criteria of § 1391(e) is venue appropriate in the District of Columbia.

Having concluded that venue is not proper in the District of Columbia, the Court must

either dismiss this case or, "if it be in the interest of justice, transfer [it] to any district or division

in which it could have been brought."  28 U.S.C. § 1406(a) (2000).  The decision whether to

dismiss or transfer is committed to the sound discretion of the Court.  See Davis v. Am. Soc'y of

Civil Eng'rs, 290 F. Supp. 2d 116, 120 (D.D.C. 2003) (citation omitted).  However, "[t]he

interest of justice . . . generally requires transferring such cases to the appropriate judicial district

rather than dismissing them."  Id. (citations omitted).  In this case, to dismiss the action and

direct the pro se plaintiff to refile her complaint in the Eastern District of Virginia would be

needlessly duplicative and costly.  The Court thus finds that it is in the interest of justice to

transfer the matter to the Eastern District of Virginia.

Accordingly, and for the foregoing reasons, the Court grants the defendant's motion to

substitute the named defendant and to transfer this matter on grounds of improper venue.

**SO ORDERED** this _____ day of March, 2006.[6]


REGGIE B. WALTON
United States District Judge

---

[5]        On the face of the amended complaint, the plaintiff provides a District of Columbia address.  Am.
Compl. at 1.  Thus, it is possible that the plaintiff resides in this district, and if this is so, venue here would be proper
under 28 U.S.C. § 1391(e)(3) (2000).  However, even assuming that the plaintiff is a District of Columbia resident,
the Court is nevertheless permitted to transfer this case to the Eastern District of Virginia "[f]or the convenience of
the parties and witnesses."  28 U.S.C. § 1404(a) (2000).  So in any event, the Court concludes that this matter should
be transferred to the Eastern District of Virginia.

[6]        An Order consistent with the Court's ruling accompanies this Memorandum Opinion.